EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* PEDRO A. RIVERA PALMER, acusado y apelante.

Núm. 6701.—*Sometido:* Noviembre 17, 1937. *Resuelto:* Diciembre 10, 1937.

*C. H. Juliá,* abogado del apelante; *R. A. Gómez, Fiscal,* y *Luis Janer, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

La parte esencial de la denuncia lee así:

". . . . Que en 18 de abril, 10.50 A. M. de 1936, y en la Parada 40, Carretera No. 1, Río Piedras, P. R., del Distrito Judicial Municipal de Río Piedras, que forma parte del Distrito Judicial de San Juan, P. R., allí y entonces el referido acusado Pedro A. Rivera Palmer ilegal, voluntaria y maliciosamente actuaba como compañía de servicio público, transportando pasajeros en el automóvil No. P. 2451, de su propiedad, en la ruta entre Río Piedras y San Juan, mediante paga de diez centavos cada pasajero, sin tener un Certificado de Necesidad y Conveniencia u otra autorización válida alguna expedida por la Comisión del Servicio Público de Puerto Rico para servir dicha ruta, no obstante estar aquélla servida exclusivamente por la Compañía de Servicio Público White Star Bus Line, Inc., que es la única que está autorizada a prestar dicho servicio, etc.''

El acusado ha apelado de la sentencia por la que se le condena a pagar una multa de $50 ó a la prisión subsidiaria; y señala como errores de la corte inferior los siguientes:

"*Primero:* Que no se demostró, más allá de duda razonable, que el denunciado violara orden final alguna de la Comisión de Servicio Público, transportando pasajeros mediante paga.

"*Segundo:* Que la sentencia en este caso es contraria a la evidencia presentada en el mismo."

■■ La Orden Final de la Comisión de Servicio Público, de cuya infracción se acusó al apelante, dispone:

"Se ordena además; y por la presente queda prohibido el que ningún vehículo de motor que no haya sido previamente autorizado por la Comisión, actúe, sirva, funcione u opere como porteador público en el transporte de pasajeros por asiento, brindando, ofreciendo, prestando o rindiendo su servicio al público en general *mediante paga* y por asiento *entre puntos incluídos dentro de las rutas servidas por la White Star Bus Line, Inc.*

"El hecho de que un vehículo de motor transporte a uno o más pasajeros *de un sitio a otro dentro de las rutas servidas por la White Star Bus Line, Inc.,* mediante paga por asiento, constituirá prueba prima facie de una violación de las disposiciones de esta Orden." (Bastardillas nuestras.)

De acuerdo con la disposición que acabamos de transcribir, los elementos esenciales del delito son:

1. Que el acusado, actuando como porteador público, realizó el acto de transportar en su automóvil uno o más pasajeros.
2. Que el servicio prestado por el acusado se realizó mediante paga por asiento.
3. Que el transporte se verificó desde un sitio comprendido dentro de las rutas servidas por la White Star Bus Line, Inc., hasta otro sitio igualmente comprendido dentro de dichas rutas.

La acusación no puede prosperar si la prueba aducida por el Ministerio Público no fuere suficiente para establecer por

lo menos un caso prima facie en contra del acusado. Hemos examinado la prueba, la que puede resumirse así:

El policía Rodríguez declaró que "el acusado guiaba un carro público en dirección de San Juan a Río Piedras y al llegar frente al Pensionado Católico en Río Piedras, se apeó un pasajero y le pagó"; que no sabe dónde el acusado cogió ese pasajero. Y repreguntado por la defensa declaró que en el carro iban otros pasajeros y entre ellos un cura, quien le informó que iba para Ponce; que vió que el pasajero se bajó y pagó.

El otro testigo de cargo, también policía, se limitó a declarar que en presencia de él y del policía Rodríguez, el acusado dejó un pasajero que llevaba, frente a la Universidad en Río Piedras.

El acusado declaró que él iba con los pasajeros para Ponce; que uno de los pasajeros le pidió que parase en la Universidad y volviese a buscarle dentro de 10 ó 15 minutos y que así lo hizo; que no pudo volver a buscarle, ni hacer el viaje a Ponce porque el policía lo arrestó; y que no es cierto que el pasajero le pagara cantidad alguna.

A nuestro juicio la prueba de cargo es insuficiente para sostener la acusación. Aun cuando aceptáramos como hechos probados que el Pensionado Católico de Río Piedras es un punto o sitio comprendido dentro de la ruta servida por la White Star Bus Line, Inc., y que el pasajero hasta allí transportado por el acusado hizo a éste un pago de dinero, siempre tendríamos que declarar que existe una insuficiencia fatal en la prueba por no haberse presentado evidencia alguna para establecer el hecho esencial de que el pasajero tomó el carro en un sitio comprendido dentro de la ruta servida por la mencionada compañía de servicio público.

*Debe revocarse la sentencia recurrida.*

El Juez Asociado Señor Córdova Dávila no intervino.